IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH SAMPAIO, Individually and on behalf of a class of others similarly situated, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DUANE "DOG" CHAPMAN, ALICE ELIZABETH BARMORE SMITH, aka BETH SMITH, DA-KINE BAIL BONDS, A&E TELEVISION NETWORK, and JOHN DOES 1-5, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |
| _____ | ) |

CV. NO. 06-00316 HG-BMK

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF JOSEPH SAMPAIO'S MOTION TO REMAND

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF
JOSEPH SAMPAIO'S MOTION TO REMAND

Before this Court is Plaintiff Joseph Sampaio's Motion to Remand.  A hearing on this motion was held September 15, 2006.  After careful consideration of the motion, supporting and opposing memoranda, and arguments of counsel, the Court FINDS and RECOMMENDS that Defendants' Motion to  Remand be Granted.

BACKGROUND

Defendant A&E Television Network ("AETN") is a New York partnership with its principal place of business in New York. AETN broadcasts the television series "Dog: The Bounty Hunter." This series chronicles the work of Defendants Duane and Beth Chapman and their associates as they search for and apprehend fugitives on behalf of Defendant Da Kine Bail Bonds. Defendants Duane Chapman, Beth Chapman, and Da Kine Bail Bonds are all citizens of Hawaii.

Plaintiff Joseph Sampaio, also a citizen of Hawaii, purchased a bail bond from Da Kine on March 13, 2004. Sampaio failed to appear at a hearing on May 11. On May 13, the Chapmans apprehended Sampaio and surrendered him to the state. This apprehension was later broadcast by AETN in episode four of "Dog: The Bounty Hunter."

Sampaio filed suit against Defendants in the First Circuit Court of the State of Hawaii. He alleged invasion of privacy, defamation, breach of contract, unfair competition, and negligent infliction of emotional distress. AETN filed a notice of removal in this Court on June 8, 2006. Sampaio now seeks to remand this case to state court because of a lack of complete diversity of citizenship. Defendant AETN contends that complete diversity of citizenship does exist

2

because Duane Chapman, Beth Chapman, and Da Kine Bail Bonds ("the Hawaii Defendants") were fraudulently joined to defeat diversity jurisdiction.

## RELEVANT LAW

Civil actions filed in state court may be removed to a federal district court that has original subject matter jurisdiction over the case or controversy. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 USC 1332(a)(1). Complete diversity of citizenship requires that all properly joined defendants not be citizens of the same state as any of the plaintiffs. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

However, defendants' citizenship is ignored for the purposes of determining diversity jurisdiction where they have been "fraudulently joined" to the suit. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (2001). A non-diverse defendant is fraudulently joined where it is "obvious according to the well-settled rules of the state" that the plaintiff has failed to state a claim for relief against that defendant. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002). In assessing fraudulent joinder, all ambiguities in the controlling state law are resolved in favor of the non-removing party. Ballesteros v. American Standard Ins. Co. of Wisconsin, 436 F.Supp.2d 1070, 1072 (D. Ariz.

2006) (quoting <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992)).

Where a non-diverse defendant in a diversity case has not been fraudulently joined, there is no complete diversity of citizenship and the federal court must remand the case to state court.  <u>See</u> 28 U.S.C. 1447(c).  There is a "strong presumption against removal."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  The defendant "always has the burden of establishing that removal is proper."  <u>Id.</u>  Where fraudulent joinder is claimed in justifying removal, "there is an even greater burden" on the defendant.  <u>Ballesteros</u>, 436 F.Supp.2d at 1072.

A slightly more relaxed standard for showing fraudulent joinder may be warranted where First Amendment concerns are implicated.  <u>See</u> <u>Lewis v. TIME, Inc.</u>, 83 F.R.D. 455, 462-63 (E.D. Cal. 1979) (stating that rather than "resolving every doubt against retaining jurisdiction . . . . the First Amendment requires a more critical examination of the 'fraudulent joinder' issue") *aff'd* 710 F.2d 549 (9th Cir. 1983) (affirming <u>Lewis</u> without addressing the proper fraudulent joinder standard).  Just what this more relaxed standard might involve, however, is difficult to determine.

Only two reported cases have followed <u>Lewis</u> in applying a relaxed fraudulent joinder standard to First Amendment Cases: <u>In re Medical Laboratory</u>

Management Consultants, 931 F.Supp. 148,7 (D. Ariz. 1996), and Spence v. Flynt, 647 F.Supp. 1266, 1271 (D. Wyo. 1986). In all three cases, the non-diverse party was merely a conduit through which the defamatory or libelous material passed. In Lewis, the non-diverse party was a magazine distributor that had distributed the magazine containing the allegedly defamatory article. 83 F.R.D. at 463. Similarly, in In re Medical Laboratory Management Consultants, the non-diverse defendant was a television station that "played no part in the planning, reporting, production or editing of the broadcast at issue." 931 F.Supp. at 1491. Finally, in Spence, the non-diverse defendant was a convenience store that had distributed the magazine containing the allegedly libelous article. 647 F.Supp. at 1272.

Where a non-diverse defendant is merely a conduit through which the defamatory material passes, there is a greater likelihood that the non-diverse defendant has been joined just to defeat diversity jurisdiction. Indeed, this was certainly the case in Lewis, where the court found that the plaintiff never intended to seek a judgment against the non-diverse defendant. Id. at 466. Where the non-diverse defendant is directly responsible for the defamatory or libelous conduct, however, it is unlikely that the plaintiff has joined that defendant just to defeat diversity jurisdiction. While the relaxed fraudulent joinder standard of Lewis may be appropriate where the non-diverse party is a conduit or distributor, it is not

warranted where the non-diverse party actually made the defamatory or libelous statements.

## DISCUSSION

Sampaio has alleged seven causes of action against the Hawaii Defendants: defamation, two invasion of privacy claims, breach of contract, deceptive trade practices, intentional infliction of emotional distress, and negligent infliction of emotional distress.  To avoid remand, AETN must show that it is obvious that Sampaio has not stated a claim for *any* of these causes of action against *any* of the Hawaii Defendants.  AETN fails to make this showing.  This Court finds that it is not obvious that Sampaio has failed to state a claim for defamation, invasion of privacy through appropriation of name or likeness, and intentional infliction of emotional distress.

AETN contends that the more relaxed fraudulent joinder standard of Lewis be applied here because the First Amendment is implicated.  Unlike in Lewis and the cases that follow it, however, the Hawaii Defendants are not mere conduits through which the defamatory material passed.  To the contrary, Sampaio alleges that one or more of the Hawaii Defendants was the original source of the defamation.  But for the Hawaii Defendants, Sampaio could not have been

defamed.  Thus, the more relaxed fraudulent joinder standard of <u>Lewis</u> is not applicable to this case.

## A.  DEFAMATION

A claim for defamation under Hawaii law requires: (1) "a false and defamatory statement concerning another," (2) "an unprivileged publication to a third party," (3) "fault amounting at least to negligence on the part of the publisher," and, (4) "either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."  <u>Gold v. Harrison</u>, 962 P.2d 353, 359 (Haw. 1998).  A statement cannot be "false and defamatory" if it is hyperbole or opinion.  <u>Id.</u> at 360.

Here, Sampaio has alleged facts sufficient to state a claim for defamation.  Sampaio alleges that the Hawaii Defendants "made false and defamatory statements concerning Plaintiff" (Pl.'s Second Am. Compl. ¶ 41), that these statements were made "intentionally and/or negligently," (Pl.'s Second Am. Compl. ¶ 44) and that he was damaged as a result of the statements (Pl.'s Second Am. Compl. ¶ 44) .

AETN contends that the Sampaio has not stated a cause of action because the Hawaii Defendants' statements are either true or are hyperbole and opinion.  AETN also asserts that plaintiff is "libel-proof."  AETN is likely correct

that the statements about Sampaio broadcast on Episode Four of the show–that

Sampaio was a "rat," a "snake," a "maniac," a "bad guy," a "tough guy," a

"fugitive," a "night stalker," and "the Godfather of Waikiki"–are hyperbole and

opinion.  However, Sampaio also alleges that the Hawaii Defendants called him a

"child molester" and a "stalker." (Pl.'s Second Am. Compl. ¶ 41).  It is not obvious

that these latter statements are true, or that they qualify as hyperbole or opinion.

Moreover, Hawaii has not yet adopted the libel-proof plaintiff doctrine, so it is not

a "well-settled rule" of Hawaii law.  It is not obvious that Sampaio has failed to

state a claim for defamation against the Hawaii Defendants, and so remand is

required.

## B.  INVASION OF PRIVACY

In Hawaii, the appropriation of a person's name or likeness for a

commercial purpose constitutes invasion of privacy.  <u>Fergerstrom v. Hawaiian

Ocean View Estates</u>, 441 P.2d 141, 144 (Haw. 1968).  Whether a similar non-

commercial appropriation also invades a person's privacy has been explicitly left

undecided by the Hawaii Supreme Court.  <u>See id.</u> (leaving the issue of non-

commercial appropriation "to be decided in subsequent cases . . . preferably after a

trial on the merits").

Sampaio alleges that by featuring him on "Dog: The Bounty Hunter," the Hawaii Defendants "appropriated Plaintiff's image and story for Defendants' own financial gain." (Pl.'s Second Am. Compl. ¶ 27). AETN contends that Sampaio has failed to state a claim because "Dog: The Bounty Hunter" is not commercial and because Sampaio's name and likeness do not have any intrinsic value.

While AETN might ultimately prevail with these arguments, they are not sufficient to avoid a motion to remand. First, even if "Dog: The Bounty Hunter" is not commercial, there is no "well settled rule" in Hawaii that non-commercial appropriation of a name or likeness does not constitute invasion of privacy. See Fergerstrom, 441 P.2d at 144. To the contrary, the Hawaii Supreme Court has explicitly left this issue unsettled. See id. Second, Hawaii case law has not yet adopted the Restatement (Second)'s requirement that the plaintiff's name or likeness have some intrinsic value to state a claim for invasion of privacy. See id. Because it is not obvious that Sampaio has failed to state a claim for invasion of privacy against the Hawaii Defendants, remand is required.

C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Hawaii, the tort of intentional infliction of emotional distress requires an act (1) that was intentional or reckless, (2) that was "outrageous," (3)

9

that caused (4) "extreme emotional distress to another." <u>Hac v. Univ. of Hawaii</u>, 73 P.3d 46, 60-61.  Sampaio has alleged that the Hawaii Defendants "intentionally, recklessly, and/or negligently inflicted serious and extreme emotional distress upon Plaintiff" (Pl.'s Second Am. Compl. ¶ 66) and that this conduct was "outrageous" (Pl.'s Second Am. Compl. ¶ 67).  AETN claims that Defendants' conduct was not outrageous.  While it may be correct, whether or not conduct is "outrageous" is an issue of fact.  <u>See</u> <u>Nagata v. Quest Diagnostics, Inc.</u>, 303 F.Supp. 1121, 1128 (D. Haw. 2004).  Thus, it is not obvious that Sampaio has failed to state a claim for intentional infliction of emotional distress, and so remand is required.

CONCLUSION

For the reasons stated above, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be granted.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 25, 2006

<u>SAMPAIO, ETC.  V. CHAPMAN, ET AL.</u>; CV. NO. 06-00316 HG-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF JOSEPH SAMPAIO'S MOTION TO REMAND.